IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02297-KLM

LARRY GLENN,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [#26][1] (the "Motion"). Plaintiff filed a Response [#28] in opposition to the Motion, and Defendant filed a Reply [#30]. The Court has reviewed these filings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#26] is **DENIED**.[2]

## I. Summary of the Case[3]

---

[1] "[#26]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2(d), the parties in this civil action consented to have the undersigned conduct all proceedings. *See* [#19, #20].

[3] The following summary construes the evidence in the light most favorable to Plaintiff, as the nonmovant. *See Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1186 (10th Cir. 2015) ("We . . . recit[e] all summary-judgment evidence in the light most favorable to . . . the nonmovant."). To the extent that Plaintiff has not directly disputed Defendant's recitation of the facts, the Court cites to the Motion [#26].

Plaintiff Larry Glenn ("Plaintiff") was involved in an automobile collision on March 24, 2015 (the "collision"), involving three other vehicles: an unknown vehicle (the "phantom vehicle"), a vehicle driven by Jorge Reyes Ortega ("Reyes Ortega"), and a semi-truck. *Motion* [#26] at ¶¶ 1-4 (undisputed facts). Mr. Reyes Ortega was found to be 100% at fault for the collision, and Plaintiff settled with Mr. Reyes Ortega's insurer, American Family Insurance ("American Family"), for the policy limit of $50,000. *Id.* at ¶¶ 15, 25-26.

Prior to settling with American Family, Plaintiff requested a settlement offer under his policy covering Uninsured/Underinsured Motorists ("UM/UIM policy") from Defendant. *Id.* at ¶ 17. Defendant extended settlement offers for $12,150 and then $13,000, and did not receive a response to either offer from Plaintiff. *Id.* at ¶¶ 20-23. Defendant performed another evaluation of Plaintiff's claim and notified Plaintiff that it was rescinding the settlement offer for $13,000 because Defendant believed that Plaintiff was adequately compensated by the proceeds of the American Family policy. *Id.* at 27-28. Independent from Plaintiff's UM/UIM claim, both parties acknowledge that Plaintiff recovered $32,738.38 for property damage related to the automobile collision. *Id.* at 2; *Glenn Dep.* 46:24-47:5 [#26-1] at 13. Defendant initially paid this amount but later recovered it from Mr. Reyes Ortega. *Motion* [#26] at 2.

Plaintiff is now seeking damages from Defendant under his UM/UIM policy for alleged injuries caused by the phantom vehicle. *Compl.* [#4] ¶ 29. Plaintiff asserts three claims against Defendant in this case: (1) an underinsured motorist claim for benefits; (2) a breach of contract claim for breach of the UM/UIM policy; and (3) a statutory unreasonable delay and/or denial of UM/UIM benefits claim. *Id.* at 4-5. Defendant moves for entry of summary judgment in its favor on Claims One and Two because it argues that

Plaintiff is only seeking damages for psychological injuries, which are not covered under his UM/UIM policy. *Motion* [#26] at 2. Defendant moves for entry of summary judgment on Claim Three on the grounds that Plaintiff already recovered more than his "economic" damages from American Family and thus, no benefits are due under the policy. *Id.*

## II. Standards

**A.     Motion for Summary Judgment**

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be entered if the pleadings, the discovery, any affidavits, and disclosures on file show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his

claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), abrogation recognized by *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et. al., *Federal Practice and Procedure* § 2738 at 356 (3d ed. 1998).

**B.     Choice of Law**

Based on the briefing of the Motion, the parties appear to agree that Colorado law controls this diversity action. *Motion* [#26] at 7; *Response* [#28] at 1-2. Therefore, the Court applies federal procedural law and Colorado substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (applying choice of law rules of the forum state in a diversity case); *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). "When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002).

### III. Analysis

**A.  Claims One and Two**

Defendant's only argument with respect to Claims One and Two is that Plaintiff is solely seeking damages for psychological injuries, which are not covered under his UM/UIM policy.  *Motion* [#26] at 8.  Defendant argues that these claims therefore fail.  *Id.*  Plaintiff argues that it is clear from his Complaint [#4] that he is seeking more than damages related to psychological injuries.  *Response* [#28] at 2.

As an initial matter, Defendant points to the fact that in the Response [#28], Plaintiff does not cite to any evidence and only refers to the Complaint.  *See Reply* [#30] at 2; *Response* [#28] at 2.  Defendant argues that it is insufficient for Plaintiff to rely solely on allegations when defending against a summary judgment motion, and that the Court may therefore consider the facts presented in the Motion [#26] as undisputed because Plaintiff failed to properly address them.  *Reply* [#30] at 2.  While it is true that Plaintiff does not offer or cite to any evidence, his reliance on the Complaint is warranted to address the issue of what relief he is seeking.  Additionally, the evidence submitted by Defendant is sufficient to create an issue of material fact, as will be discussed below.  *See Barton v. City & Cty. of Denver*, 432 F. Supp. 2d 1178, 1193-94 (D. Colo. 2006) (finding that although the plaintiff failed to file a substantive opposition to the defendants' motion for summary judgment, the exhibits submitted by the defendants alone were sufficient to create an issue of material fact).

The UM/UIM policy provided by Defendant states that Defendant "will pay damages that an insured person is legally entitled to recover from the owner or operator of an

uninsured auto because of *bodily injury* sustained by the insured person." *Exhibit F* [#26-6] at 2-3 (emphasis added). Defendant attaches Plaintiff's entire deposition to the Motion, and points to one part of it to support the assertion that Plaintiff is not seeking damages for bodily injuries. *Motion* [#26] at 9. The excerpt included by Defendant provides:

> Q If Allstate found that you were fully compensated for your personal injuries in this accident with the $50,000 check that you received, do you think that that was reasonable?
> [Plaintiff's attorney]: Objection to form.
> [A] Do I think the $50,000 was reasonable?
> [Q] Yes, as related to the personal injuries that you suffered in the accident.
> A I'm not making a claim for the 50,000, I'm doing the uninsured for psychological. I pay a premium for uninsured motorist, and I guess that covers the additional, from my understanding.

*Glenn Dep.* 44:2-15 [#26-1] at 12. Defendant argues that this testimony by Plaintiff demonstrates that he is not seeking damages for any bodily injury. *Motion* [#26] at 9. Thus, Defendant's sole argument is that summary judgment is appropriate because the relief Plaintiff is seeking – damages for psychological injuries – is not covered by his UM/UIM policy. *Id.*

Plaintiff relies on the allegations in the Complaint to argue that it is clear that he is seeking damages for bodily injury, psychological injury, and property damage. *Response* [#28] at 2. The Complaint provides in relevant part:

> As a direct and proximate result of Reyes Ortega's negligence, Plaintiff suffered severe bodily injuries, including, but not limited to, injuries to her [*sic*] neck, head, back, and headaches. . . . Plaintiff has incurred bills for healthcare and treatment for the reasonable value which is in excess of $11,000 to date, and will incur additional expenses in the future. . . . Plaintiff has been caused to suffer, and will suffer, economic and non-economic injuries and losses, including but not limited to, physical pain and suffering . . . .

*Compl.* [#4] ¶¶ 10-12. Plaintiff further asserts that Defendant's Motion misconstrues the

premise of the case to be about relief for psychological injuries, when in fact Plaintiff alleges that he was not fully compensated for all of the injuries stemming from the collision. *Response* [#28] at 2. Additionally, Plaintiff contends that Defendant's argument is frivolous, but "[e]ven if this Court does not believe this argument is frivolous, there is a question of fact as to what specific damages the Plaintiff is claiming." *Id.* at 4.

Addressing Defendant's contention that Plaintiff's testimony demonstrates that he is only seeking damages for psychological injuries, the Court looks to whether Plaintiff's testimony qualifies as a binding judicial admission. "Judicial admissions are 'formal, deliberate declarations which a party or his attorney makes in a judicial proceedings for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute.'" *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1212 n.3 (10th Cir. 2017) (quoting *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 833 n.4 (10th Cir. 2005). For a statement to qualify as a binding judicial admission, it must be "deliberate, clear, and unequivocal." *Skyline Potato Co. v. Rogers Bros. Farms, Inc.*, No. 10-cv-02353, 2011 WL 2791531, at *6 (D. Colo. July 15, 2011).

Reading the record in the light most favorable to Plaintiff, his testimony regarding what relief he is seeking is not unequivocal and thus, does not qualify as a binding admission. *Cf. Martinez v. Bally's La. Inc.*, 244 F.3d 474, 475 (5th Cir. 2001) (explaining that a binding judicial admission was made when plaintiff's attorney interrupted the deposition and clearly stated "that [the plaintiff] was not making any kind of physical injury claims and we're waiving any physical injury claims") (internal quotation marks omitted). Plaintiff's statements during his deposition do not appear to have been intentionally made in order to waive all claims of physical injury, in part because the testimony is vague. For

example, Plaintiff stated that he believed that his policy "covers the additional" and it is unclear whether the "additional" he refers to is related to his bodily injuries or not. *See Glenn Dep.* 44:2-15 [#26-1] at 12. Additionally, other pertinent parts of the deposition do not foreclose the possibility that Plaintiff intends to seek additional damages for bodily injuries as well. Plaintiff's deposition provides:

> Q Or I can ask the opposite question. Do you still owe any money related to medical treatment that you received from this accident?
> A No.

*Glenn Dep.* 43:20-23 [#26-1] at 12. The deposition testimony continues:

> Q Other than the money for your truck, is there anything else that you believe Allstate should have done differently?
> A No, we incurred a bunch of medical bills and deductibles that was part of the accident.
> Q And I think I asked earlier. You don't still owe any money related to those medical bills; is that right?
> A No.

*Glenn Dep.* 48:2-10 [#26-1] at 13. Plaintiff's statement that he does not currently owe any money related to "those" medical bills does not clarify whether he did not "still owe any money" because his costs were covered by insurance, or whether he no longer owes money because he paid the bills out-of-pocket. It also remains unclear whether Plaintiff believes he is owed other damages related to bodily injury. Additionally, Plaintiff appeared to have been confused by the questions in various parts of the excerpts quoted above. Based on the evidence presented, Plaintiff's testimony does not qualify as a binding admission.

Because it is not evident that Plaintiff modified his claims for relief through his deposition testimony, the question of what relief Plaintiff is seeking remains a material fact at issue. *See Goodloe v. City and Cty. of Denver*, No. 05-cv-02522-EWN-MEH, 2007 WL

2697605, at *8 (D. Colo. Sept. 11, 2007) ("Plaintiff or his representative having taken contradictory positions does not, *per se*, support summary judgment.") (emphasis in original); *see Marquez v. Baker Process, Inc.*, No. 01-4019, 2002 WL 1425201, at *5 (10th Cir. 2002) ("The Plaintiff's own testimony may, by showing a genuine question of fact as to a material issue, be sufficient to survive summary judgment.").

Accordingly, the Court declines to enter summary judgment in favor of Defendant on Plaintiff's First and Second Claims.

**B.     Claim Three**

With respect to Claim Three, Defendant argues that Plaintiff's statutory claim of unreasonable delay and improper denial of benefits under Colo. Rev. Stat. § 10-3-1115 fails because Plaintiff was fully compensated by the $50,000 that he received from American Family. *Motion* [#26] at 10.

Under Colo. Rev. Stat. § 10-3-1115(1)(a), an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." The statute further provides that "an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). Under Colorado law, it may be reasonable for an insurer to challenge a claim when there is a genuine dispute about the amount of compensable damages associated with the claim. *Chateau Village N. Condo. Ass'n v. Am. Family Mut. Ins.*, 170 F. Supp. 3d 1349, 1360 (D. Colo. 2016) (citing *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012). Whether an insurer's conduct was reasonable under the circumstances is generally a question of fact for the jury when conflicting evidence is presented. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497

(Colo. App. 2011); *Dennis v. Am. Family Mut. Ins. Co.*, No. 15-cv-02562, 2017 WL 4297342, slip op. at *3 (D. Colo. Sept. 27, 2017).

Defendant asserts that because Plaintiff received $50,000 from American Family and his alleged medical bills totaled $10,876.40, there are no additional benefits due under his UI/UIM policy. *Motion* [#26] at 10. In response, Plaintiff contends that at the time Defendant made the offer for $13,000, he was still negotiating with American Family and that Defendant "unreasonably pulled [its] offer and decided Plaintiff was fully compensated" when it was informed about the American Family settlement. *Response* [#28] at 5. Plaintiff further asserts that whether or not he was fully compensated by the $50,000 and whether Defendant acted reasonably in denying him benefits is a question of fact for a jury. *Id.* at 5-6.

Plaintiff appears to argue that Defendant acted unreasonably when it withdrew its settlement offer and declined to pay him additional benefits on the grounds that it believed that Plaintiff was fully compensated by the $50,000 payment. The reasonableness of the conduct at issue – revoking the settlement offer and refusing to pay – turns on the question of whether or not Plaintiff was fully compensated. Whether Plaintiff was or was not fully compensated for his injuries is a question of fact. *See MacKinney v. Allstate Fire & Casualty Ins. Co.*, No. 16-cv-01447-NYW, 2017 WL 3397361, slip op. at *7 (D. Colo. Aug. 8, 2017) (declining to enter summary judgment in favor of the defendant on the plaintiff's statutory bad faith claim because the reasonableness of the defendant's conduct was for a jury, not the court, to decide). As discussed above, it remains at issue whether Plaintiff is entitled to compensation under his UM/UIM policy. However, viewing the evidence in the light most favorable to Plaintiff, a reasonable jury may find in his favor and therefore, his

statutory claim must proceed to trial. See Rivera v. State Farm Mut. Auto. Ins. Co., No. 16-cv-00227, 2017 WL 4012134, slip op. at *5 (D. Colo. Sept. 12, 2017) (declining to enter summary judgment in favor of defendant because a jury could interpret the conflicting evidence presented in favor of either party at trial). Accordingly, the Court declines to enter summary judgment in favor of Defendant on Plaintiff's Third Claim.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#26] is **DENIED.**

Dated: October 19, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge